IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Stacy Evans, ) | |
| ) | C/A No. 0:13-2637-TMC |
| Petitioner, ) | |
| ) | |
| v. ) | **OPINION & ORDER** |
| ) | |
| Warden Cartledge, ) | |
| McCormick Correctional Institution, ) | |
| ) | |
| Respondent. ) | |
| ) | |

Before the court is Petitioner Stacy Evans' ("Evans") amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 16). In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2), D.S.C., all pre-trial proceedings were referred to a magistrate judge. On January 16, 2015, Magistrate Judge Paige J. Gossett filed a Report and Recommendation ("Report") recommending Respondent's Summary Judgment Motion (ECF No. 29) be granted and the petition denied. (ECF No. 44). On February 20, 2015, Petitioner timely filed objections to the Report. (ECF No. 56).

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear

error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## I. Background/ Procedural History

On the evening of February 22, 2008, the victim was introduced to Evans at a local bar in Florence by a co-worker, Legrand Poston ("Poston"). The victim testified that a few hours later at approximately 1:00 a.m. on February 23rd, Poston left the bar and the victim told him that she would also be leaving in a few minutes. The victim testified she finished her drink and left the bar and that, while she was getting into her car, Evans appeared behind her and shoved her into the car, took her keys, and began driving. She testified he drove her to a field where he forced her to have vaginal sex and perform oral sex on him. She testified she attempted to run away, but she fell in the muddy field and Evans held her by the wrists and dragged her back to the car. She testified that he forced her back into the car and drove around only to return to the field where he again forced her to have vaginal sex. She testified afterwards, he drove her to a gas station and left her there in her car.

The victim went to her home and at approximately 8:30 a.m. called Poston and told him she had been raped. Poston and his mother went to the victim's house and encouraged her to report the assault. A city policeman was called, but at approximately 1:00 p.m., after he learned that the victim had been assaulted outside the city limits and his jurisdiction, he called the sheriff's office. A sheriff's deputy responded. Although a report was made, no other evidence was collected and the victim was urged to go to the hospital within 72 hours. The victim went to the hospital at approximately 5:00 p.m., after taking her car through a car wash. The next day, the sheriff's deputy took two photographs of the victim's face allegedly depicting her injuries sustained during the assault.

In December 2008, Evans was indicted for kidnapping and three counts of criminal sexual conduct ("CSC") in the first degree and given notice that the state intended to seek a sentence of

life without parole ("LWOP").  (ECF No. 28-5 at 55-57).  On December 8-10, 2008, Evans was tried before a jury.  At the beginning of the trial, the original indictment was nolle prossed and an amended indictment was filed.   At trial, Evans was represented by Jack W. Lawson, Jr., Esquire. Evans did not testify and did not present any defense. The jury found Evans guilty of kidnapping and one charge of CSC in the first degree. (ECF No. 28-4 at 21). The circuit court sentenced Evans to life imprisonment without the possibility of parole for each conviction. (ECF No. 28-4 at 30-31).

Evans timely appealed and was represented by Assistant Appellate Defender Lanelle C. Durant.   Durant filed an *Anders*[1] brief raising the following issue:

> Did the trial court err in sentencing appellant to life without parole (LWOP) when the state had nol prossed the original indictment on which written notice that the state was seeking LWOP was provided to appellant and the state had not served notice of LWOP on the second indictment which was the indictment upon which he was found guilty?

(ECF No. 28-4 at 32-41).  On March 8, 2010, Evans filed a motion to withdraw the appeal, and on March 12, 2010, the South Carolina Court of Appeals dismissed Evans's appeal. (ECF No. 28-4 at 45).  The remittitur was sent down on March 30, 2010.  (ECF No. 28-4 at 46).

On April 29, 2010, Evans filed a pro se application for post-conviction relief ("PCR"), raising the following issues: "ineffectiveness of counsel, failure to subpoena witness, conflict of interest, improper indictment, prosecutorial misconduct, clear error of court- by court's misadvise of Rule 609(B), State failed to proved every element of offense beyond reasonable doubt, lack of subject matter jurisdiction, malicious intent." (ECF No. 28-4 at 47-71).  Evans subsequently amended his PCR application through counsel and alleged that the trial court "lacked subject

---

[1] *Anders v. California*, 386 U.S. 738 (1967)(holding that appointed appellate counsel may move to withdraw from representation after certifying a belief that the direct appeal is without merit).

matter jurisdiction to impose two (2) life sentences under the Recidivist Statute § 17-25-45(A)(1)."  (ECF No. 28-4 at 77-78.).  On February 7, 2011, an evidentiary hearing was held at which Evans appeared and testified and was represented by Charles T. Brooks, III.

At the PCR hearing, Evans testified about his version of the events.  He testified that the victim was aware of his criminal past and had approached him about murdering her estranged husband.  He testified that the sex was consensual. He also testified about witnesses who were not contacted who he alleged could have testified that he left the bar with the victim, contradicting the victim's testimony.

On February 22, 2011, the PCR court denied Evans' PCR and dismissed Evans' PCR application with prejudice.  (ECF No. 28-5 at 38-45).  Evans filed a "Motion to Relieve Counsel, Motion to Proceed Pro Se, and Motion to Alter or Amend or Reconsideration 59(E), S.C.R.Civ.P.," dated February 23, 2011.  (ECF No. 28-10).  Evans' counsel filed a notice of appeal on February 25, 2011,  (ECF No. 28-11).  Then, on March 9, 2011, Evans filed another pro se motion, "Supplemental 59(e) Motion for a New Hearing or Reconsideration on all unheard PCR issues."  (ECF No. 28-12).  On March 23, 2011, the PCR Court denied Evans' motion. (ECF No. 28-13).

On appeal, Evans was represented by Assistant Appellate Defender Dayne C. Phillips who filed a *Johnson*[2] petition for a writ of certiorari on Evans' behalf that presented the following issue:

> Did the PCR court err in finding that trial counsel provided effective assistance of counsel where trial counsel failed to conduct a reasonable investigation in preparation for Petitioner's trial by not finding and interviewing a witness that was critical to Petitioner's defense?

---

[2]*Johnson v. State*, 364 S.E.2d 201 (S.C. 1988) (applying the holding in *Anders* to PCR appeals).

4

(ECF No. 28-15). Evans also filed a pro se response to the *Johnson* petition in which he raised fifteen issues. (ECF No. 28-16). On August 22, 2013, the South Carolina Supreme Court denied Evans' petition for a writ of certiorari and the remittitur was sent down on September 9, 2013. (ECF Nos. 28-18, 28-19) .

On September 26, 2013, Evans filed this action seeking habeas corpus relief. (ECF No. 1). In his Amended Petition, Evans raises the following issues, quoted verbatim:

> **Ground One:** Abuse of Discretion/conflict of interest by his PCR lawyer not helping Defendant raise his issue
> **Supporting Facts:** During Defendant PCR hearing he made a time motion to relieve counsel for a conflict of interest for counsel failing to subpoena two witnesses James Langston and Macy Ann Matthews to testify at PCR and at trial. PCR counsel refused to raise all availble issues as requested by Defendant preserve for appellate. Court denied defendant of motion to relieve counsel. Denied defendant of is witnesses.
>
> **Ground Two:** Did the lower court err in deny Defendant 59(e) motion for a rehearing to raise all availble issues that were on original PCR.
> **Supporting Facts:** Petitioner filed a proper motion to relieve his PCR counsel after his denial of his PCR and a 59(e) supplemental raising all available issues to preserve for appellate review. Petition claimed a conflict of interest and asserted his right to proceed "pro se" which was denied by the court with no explanation.
>
> **Ground Three:** Abuse of discretion/14th Amendment the lower court was in violation of the 14th Amendment.
> **Supporting Facts:** That the lower court failed to state specific finding of fact and conclusions of law on each issue raisd in PCR and thereof on 59(e) motions and motion to relieve counsel in PCR in clear violation of the law. That the Supreme Court failed to remand to fully develop the factual record to preserve issues for appellate review denying him his one bite of the apple.
>
> **Ground Four:** Ineffective assistance of counsel, counsel failed to object to indictment clear violation/14 Amendment
>
> **Supporting Facts:** Trial counsel was ineffective for failing to object to the invalid indictment presented which changed the nature of the offense in violation of the defendant right to a fair trial while the original indictment was still valid constituting a muctiplicions indictment depriving the court of subject matter jurisdiction preventing service of the notice of life without parole.

**Ground Five:** Prosecutorial misconduct/improper bolstering with false evidence in violation of due process of law 14th Amendment
**Supporting Facts:** The State entered into evidence two photographs of a woman's face showing bruising on the left hand side of her face. Exhibits 5-A, 5-B Trial Transcript with dates of 1-19-2005. The official police report wrote by Officer Summersette stated took 2 pictures of her right hand side of her face. Defendants alleged crime occurred in 2008.

**Ground Six:** Ineffective assistance of counsel/violation of 6th amendment/conflict of interest.
**Supporting Facts:** Trial counsel was ineffective for failing to object to the State using this false evidence to bolster its case and failing to authenticate this pictures under Rule 902(4), Rule 1005, and Rule 1002 requirements of the originals knowing that the police report stated two pictures of right eye. The State produced pictures of the left eye with dates of 1-19-2005 that you could not identify the individual. Counsel failed to suppress this evidence in violation of due process.

**Ground Seven:** Ineffective assistance of counsel/conflict of interest, violation of 6th amendment
**Supporting Facts:** Counsel failed to object and impeach the State's witness testimony of Gloria Williamson with her inconsistent statement she gave to the police. Counsel failed to object and impeach and attack the credibility of Gloria Williamson, LeGrant Poston and Dena Seiglar with Mary Ann Matthews's statement that contradicted the State's witnesses and showed that the State's witnesses testimony was not consistent. Gloria Williamson claimed she was sitting at the bar and Legrand came in and stated he was leaving and would she be alright, she stated I was going to stay about 5 minutes to finish my drink. She claimed she left by herself went to her car and defendant came out of nowhere and grabbed her keys and pushed her inside her vehicle.

Mary Ann Matthews's statement paint's a totally different picture on the events of the night. She claimed that she took Mona home then came back to the bar to pick Legrand up. He was not there. She had to go into the bar to "physically" pull Legrand out of the bar. Legrand, Williamson, and Evans were at the bar. Matthews pulled Legrand out by the collar. Williamson and Evans then came out behind them and followed them to Matthews car. As she was leaving Williamson and Evans was hanging on the window talking to Legrand while she was driving out the parking lot leaving Evans and Williamson together.

Counsel could have introduced this testimony to contradict the victim and State's witness and called her as a defense witness and attacked the credibility of the witnesses. Had this testimony been introduced might have convinced jurors to disbelieve those witnesses causing reasonable doubt. Counsel intentionally kept this statement from me until after my trial and I did not discover this statement until I filed my PCR.

**Ground Eight:** Abuse of discretion/ineffective assistance of trial counsel/PCR counsel, violation 6th amendment compulsory process to secure witnesses.
**Supporting Facts:** At the beginning of Petitioners PCR hearing he requested that counsel be removed for a conflict of interest by not securing his witnesses for his PCR hearing. Petitioner notified PCR counsel of his need to produce James Langston and Mary Ann Matthews to testify at PCR. James Langston could have testified that Evans and Williams left the bar together later that night after Legrand left contradicting her claim she left by herself and not with Defendant. This would have cast reasonable doubt on her testimony she was kidnapped. Mary Ann Matthews testimony would have contradicted her entire trial testimony of Gloria Williamson that she left within 5 minutes after Legrand left finishing her drink. Her testimony clearly shows that Gloria Williamson and Evans were together already when Legrand left. This would clearly cause confusion and reasonable doubt and the jury would have to decide the credibility of those to contradicting witnesses testimony. Further, her testimony contradicts Legrand trial testimony trying to collaborate Gloria Williamson's testimony and was caught in "perjury" on the stand changing his testimony from his original statement given to police. The Court denied me in PCR my subpoenas of both my witnesses contrary to State and Federal law. My trial counsel was ineffective for failing to secure both these witnesses at trial depriving me of my only defense.

**Ground Nine:** Ineffective assistance of counsel/conflict of interest violation of 6th Amendment
**Supporting Facts:** Counsel was ineffective for failing to discover and utilize prior criminal records of the prosecutions witnesses to attack their credibility. Counsel failed to discover and utilize the victims past medical record to discovery if victim and her husband had a prior (CDV) in 1-19-2005 that could have been used to show that these pictures used in evidence came from a CDV. Counsel discovered in trial that victim's husband was abusive per her report to the counselor. Had counsel done this he could have attacked the credibility of the witness and moved for a mistrial based on the State presenting false evidence.

**Ground Ten:** Ineffective assistance of counsel, conflict of interest violation of 6th Amendment
**Supporting Facts:** Counsel was ineffective for failing to attack the character of the victim and the State's witnesses under Rule 404(2) and failing to attack reputation evidence under Rule 607, 608. Counsel failed to discover the identity of an unknown male that left Gloria Williamson's apartment and failed to ask victim who she last had sex with and whether he has been seeing anyone during her pending divorce. This would have given reasons why she did not want to go back to her apartment. This would have supported his adultery theory had he inquired further into this testimony.

**Ground Eleven:** Ineffective assistance of counsel/conflict of interest, 6th amendment violation ineffective assistance PCR counsel

**Supporting Facts:** Counsel was ineffective for failing to object to leading the victim about how defendant supposedly sexually assaulted her and failing to object to the State leading Legrand Poston in questioning him directly if defendant had a knife improperly bolstering the victim's claim he said he had a knife, I didn't see one.

**Ground Twelve:** Ineffective assistance of counsel/conflict of interest, 6th Amendment violation abuse of discretion

**Supporting Facts:** Counsel was ineffective and engaged in a conflict of interest by intentionally deceiving my and telling me they could use my entire criminal record to impeach me and attack my credibility. Counsel failed to explain Rule 609(B) that specifically prohibits the State from using convictions over 10 years old for impeachment purposes. Further, Defendants convictions could have been challenged for relevancy and claimed prejudicial if used. 609(B) states only crimes of fraud, deceit, and dishonesty can be used for impeachment purposes. Had counsel explained this rule Defendant could have testified in his own defense. Counsel's untruthfulness and the Court's failure to explain this rule made his decision not to testify involuntary. Defendant wanted to defend himself. At PCR counsel claimed Defendants past history would have made him at bad witness. Had counsel properly advised him of this rule along with Mary Ann Matthews testimony would have caused reasonable doubt in the jurors minds

**Ground Thirteen:** Ineffective assistance of counsel/conflict of interest, 6th Amendment violation failing to present any defense.
**Supporting Facts:** Counsel was ineffective for failing to allow the Defendant from presenting his defense of consensual sex for murdering her husband. Counsel failed to allow Defendant to present his defense or allow his girlfriend to present to the jury his defense. Mona Labranche's statement specifically states what Defendant claimed in his defense at PCR. Pg. 8 of the statement claims that he told me that the woman wanted Stacy to kill her husband and he tricked her and now the woman is mad at me. At trial counsel only asks her on stand on pg. 200 Line 11-12 Q) And when he came back, what was his demeanor at that time? A) He told me what happened. But counsel did not elicit the testimony from this witness stating what was told to her. This entire testimony was not presented to the jury to establish a defense. Had counsel presented this testimony, Mary Ann Matthews testimony, then the Defendant could have collaborated his whole story he told to the police on his statement. Counsel should have presented the witnesses, false photo's, altered police reports, and truthfully told Defendant of Rule 609(b) and told him he had Mary Ann Matthews statement to collaborate his story along with James Langston to establish he was still at the bar with Gloria Williamson after the other individuals left. Had this been presented to the jury there is a reasonable probability that the Defendant would have caused reasonable doubt in the jurors minds.

8

**Ground Fourteen:** State failed to prove beyond a reasonable doubt every element of the crimes Defendant was charged with. Violation of 14th Amendment due process.
**Supporting Facts:** The State introduced evidence of another crime in attempt to bolster it's case against Defendant. Medical personnel refuted the fact of the claim of bruising over her eye. The police report claimed two pictures of her right eye was taken. The State presented two pictures of a left eye with 1-19-2005 on the picture.

The State's witness (victim) testified that she was at the bar finishing a drink when her friend Legrand came up to her and stated I'm leaving will you be alright. Williamson stated I will leave in about 5 minutes after I finish my drink. She then claims she left by herself went to her car and Defendant came out of nowhere, grabbed her keys and pushed her in the car.

Legrand Poston testified about the same thing trying to collaborate Gloria Williamson but was caught committing "perjury" by changing his statement in the middle of trial.

Mary Ann Matthews was never called as a witness nor was her statement used to contradict the State's witnesses. Mona Labranche was never allowed to present the entire story of what was told to her by the Defendant "that this woman wanted me to kill her husband." Now she's mad at me.

The State had numerous inconsistent testimony and improperly leading the witnesses. Further, it was shown that the de[te]ctives had inconsistent times on the police reports. No pictures or discs or negatives was introduced as proof of the pictures submitted as evidence. DNA evidence showed mixed samples of both individuals which could have supported consensual sex. James Langston could have been subpoenaed to testify that the Defendant left with Williamson after that night, casting even more doubt on her claim she left by herself. The victim was asked why didn't she go immediately to report the crime. The police station was one block away. The victim was going through a divorce. She had been abused by her husband. She had previously had sex with an unknown individual per the doctor's report. An unidentified man left her house the morning of the alleged crime. She went to the car wash to wash the mud off of her vehicle. No mud was inside the interior after she claimed being dragged down in the mud by Defendant. The gas station timer shows the vehicle was parked by the street well over 3 minutes when victim and Defendant was sitting here. Why would Defendant go straight home from the gas station if he supposedly assaulted this woman numerous times. The state has failed to prove this case beyond a reasonable doubt.

**Ground Fifteen:** Ineffective assistance of counsel, conflict of interest, 6th Amendment violation, 6th Amendment violation of compulsory process
**Supporting Facts:** Counsel was ineffective for failing to subpoena Mary Ann

>    Matthews as a "rebuttal witness" to impeach the credibility of the State's witnesses and counsel failed to subpoena her using the compulsory process of the 6th Amendment to secure her presence in court as a defense witness.

(ECF No. 1, Pet.; ECF No. 16, Am. Pet.).

## II. Discussion

The magistrate judge found Grounds One, Two, Three, and a portion of Eight are not cognizable on federal habeas review. (Report at 12). In his objections, Evans argues his PCR counsel was ineffective for failing to file a Rule 59(e) motion, as requested. However, even if these claims had been ruled upon, the court agrees with the magistrate judge that these claims are simply not cognizable federal habeas claims.

"The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254." 28 U.S.C. § 2254(i). *See also Bryant v. Maryland*, 848 F.2d 492, 494 (4th Cir.1988) (claims of error occurring in a state PCR proceeding cannot serve as a basis for federal habeas relief). "A postconviction proceeding is not part of the criminal process itself, but is instead a civil action designed to overturn a presumptively valid criminal judgment. Nothing in the Constitution requires the States . . . to follow any particular federal model in those proceedings." *Murray v. Giarratano*, 492 U.S. 1, 13 (1989) (O'Connor, J., concurring). Conduct of PCR counsel can constitute "cause" for a default of a claim under certain circumstances, but it is not itself an independent claim. 28 U.S.C. § 2254(i). "[W]hile § 2254(i) precludes [a petitioner] from relying on the ineffectiveness of his postconviction attorney as a 'ground for relief,' it does not stop [a petitioner] from using it to establish 'cause' " and holding that a petitioner may establish cause for defaulting an ineffective assistance of trial counsel claim by demonstrating his PCR counsel was ineffective. *Martinez*, 132 S.Ct. at 1315, 1320. Accordingly, the court finds Grounds One, Two, Three, and a portion of Eight are not cognizable claims for federal habeas

review.

Additionally, the magistrate judge found Grounds Four, Five, Six, Seven, Eight, Ten, Eleven, Thirteen, Fourteen, and Fifteen are procedurally barred and that Evans could not satisfy the exception set forth in *Martinez v. Ryan*, , ___ U.S. ___, 132 S.Ct. 1309 (2012), as to Grounds Four, Six, Seven, Eight, Ten, Eleven, Thirteen, and Fifteen. (Report at 19). And Evans did not appear to challenge Respondent's argument that Grounds Five and Fourteen are procedurally barred. *Id.* In his objections, Evans again argues that his PCR counsel was ineffective for failing to raise these issues in a Rule 59(e) motion and, if he had, there is a reasonable probability that Evans would have been granted PCR on his claim of ineffective assistance of counsel. (Objections at 14).

First, the court notes that Evans does not specifically object to the magistrate judge's finding that Evans did not challenge that his claims in Grounds Five and Fourteen are procedurally barred. In Grounds Five and Fourteen, Evans prosecutorial misconduct and that the State had failed to prove every element of the offenses. As the magistrate judge noted, procedural default of claims unrelated to the ineffective assistance of trial counsel cannot be excused under *Martinez*. These claims procedurally could have been raised on direct appeal, and the State PCR proceeding was not Evans' first procedural opportunity to raise them. Moreover, as direct appeal issues, these claims would have not been proper in a PCR proceeding.

The court now turns to whether Grounds Four, Six, Seven, Eight, Ten, Eleven, Thirteen, and Fifteen are procedurally barred. As noted above, Evans argues that his PCR counsel was ineffective for failing to raise these issues in a Rule 59(e) motion and, if he had, there is a reasonable probability that Evans would have been granted PCR on his claim of ineffective assistance of counsel. (Objections at 14).

Generally, a PCR attorney's ineffectiveness does not establish cause for a procedural

11

default. *Coleman v. Thompson*, 501 U.S. 722, 752-53 (1991). However, the Supreme Court recognized a narrow exception to this general rule in *Martinez* and held that, in certain circumstances, ineffective assistance of counsel in an initial PCR proceeding can provide "cause" for not complying with state procedural rules regarding a claim of ineffective assistance at trial.

Evans does not dispute that these issues were not ruled upon by the PCR court. Instead, he contends that his PCR appellate counsel was ineffective for failing to raise them in a Rule 59(e) motion. However, ineffective assistance of PCR appellate counsel is not cause for a default. *Martinez*, ___ U.S. at ___, 132 S.Ct. at 1316; *Johnson v. Warden of Broad River Corr.*, 2013 WL 856731 at * 1 (4th Cir. Mar. 8, 2013)(unpublished).

> In *Martinez*, the Supreme Court held:
>
> [W]hen a State requires a prisoner to raise an ineffective-assistance-of-trial-counsel claim in a collateral proceeding, a prisoner may establish cause for a default of an ineffective-assistance claim in two circumstances. The first is where the state courts did not appoint counsel in the initial-review collateral proceeding for a claim of ineffective assistance at trial. The second is where appointed counsel in the initial-review collateral proceeding, where the claim should have been raised, was ineffective under the standards of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To overcome the default, a prisoner must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit.

*Martinez,* 132 S.Ct. at 1318. Accordingly, Evans may establish cause for the defaulted grounds only if he demonstrates that 1) his PCR counsel was ineffective and 2) the underlying ineffective assistance of trial counsel claim is a substantial one, i.e., it has some merit. To establish an ineffective assistance of counsel claim, a petitioner must establish that 1) his counsel was deficient in his representation and that 2) he was prejudiced as a result. *Strickland v. Washington*, 466 U.S. 668 (1984). Here, however, as the magistrate judge found, Evans has not met the strict requirements of *Martinez*. Moreover, *Martinez* does not support a holding that failure by PCR counsel to develop the factual record for a claim may be cause for the procedural default. *See*

12

*Fielder v. Stevenson*, C/A No. 2:12-cv-412, 2013 WL 593657 (D.S.C. Feb. 14, 2013).

Even if the court were to consider the performance of Evans' PCR appellate counsel as cause, under the first requirement of the *Martinez* exception, Evans must "demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that [Evans] must demonstrate that the claim has some merit." *Gray v. Pearson*, 2013 WL 2451083 at *2 (4th Cir. 2013)(unpublished). Therefore, Evans must show that his PCR counsel's representation was objectively unreasonable during his PCR proceeding and that, but for his errors, there is a reasonable probability that Evans would have received relief on a claim of ineffective assistance of trial counsel in the state PCR proceeding. *Ford v. McCall*, C/A No. 12-2266, 2013 WL 4434389 at *11 (D.S.C. Aug.14, 2013) (*citing Horonzy v. Smith*, C/A No. 11-234, 2013 WL 3776372 at * 6 (D. Idaho Sept. 12, 2012) ("The application of the *Strickland* test in this instance means that Petitioner is required to show that counsel's representation during the post-conviction proceeding was objectively unreasonable, and that, but for his errors, there is a reasonable probability that Petitioner would have received relief on a claim of ineffective assistance of trial counsel in the state postconviction matter. This standard is a high one."). For the reasons discussed below, Evans has failed to show entitlement to relief under this standard

While the decisions of trial counsel are always subject to being second guessed with the benefit of hindsight, tactical and strategic choices made by trial counsel after due consideration do not constitute ineffective assistance of counsel. *Strickland*, 466 U.S. at 689. There is a strong presumption that counsel's conduct during trial was within the wide range of reasonable professional assistance, and this court should not scrutinize counsel's performance by looking at the decisions made in an after the fact manner. *Id.* at 688-689.

In Grounds Five and Six, Evans contends that trial counsel was ineffective for not objecting to the two photographs. In Grounds Seven, Eight, Ten, Eleven, Thirteen, Fourteen, and

Fifteen, Evans contends that his trial counsel was ineffective by failing present witnesses to contradict the State's witnesses, failing to present the victim's medical records, failing to introduce character evidence attacking the victim, and failing to object to the prosecutor asking the victim leading questions. Trial counsel testified that he and his investigator went to the bar and were unable to find any witnesses who had seen the victim and Evans leave together (ECF No. 28-5 at 514, 517, 523), and he believed it was a better trial strategy not to present any evidence and have the last argument before the jury retired to deliberate. (ECF No. 28-5 at 521). As to the photographs, trial counsel testified that he cross-examined the victim regarding them and, during closing argument, argued that the photographs were of a right eye and the victim had testified that she was injured above the left eye. (ECF No. 28-5 at 516-17).

The PCR court found trial counsel was credible and his performance was not deficient and that his decisions regarding not presenting any evidence were trial strategy. (ECF No. 28-5 at 42-43). Additionally, the PCR court held that Evans failed to show that he was prejudiced as to any claims. *Id.*

Most of Evan's arguments arise from his allegation that trial counsel was ineffective for failing to present a defense. However, an allegation that trial counsel should have presented a defense which may have benefitted him is pure speculation, as it is also possible the results could have disadvantaged him. Counsel's tactical and strategic choice made after due consideration does not constitute ineffective assistance of counsel. *Strickland*, 466 U.S. at 689. Evans has not overcome the strong presumption given to counsel's performance and decisions. Nor has Evans shown the necessary prejudice with regard to these claims.[3]

Additionally, as the magistrate judge sets forth in her Report, Evans' argument regarding

---

[3] Nor has Evans shown a miscarriage of justice. To do so, he must show that he is actually innocent. *See House v. Bell*, 547 U.S. 518, 536-37 (2006).

his indictment are without merit. Simply stated, the failure to include the notice of the State seeking a sentence of LWOP in the second indictment did not defeat the trial court's jurisdiction. It is undisputed that Evans received notice of the State's intent to seek a sentence of LWOP in the original indictment, and S.C. Code Ann. § 17-25-45(H) requires only actual notice. *See State v. Washington*, 526 S.E.2d 709, 712 (S.C. 2000) (holding that because the defendant "had actual notice of the State's intent, a second notice following re-indictment was unnecessary.").

Finally, the magistrate judge reviewed Grounds Nine and Twelve on their merits and found Evans abandoned these claims as he failed to respond to respondent's arguments. (Report at 20). The magistrate judge also stated that even addressing these issues on the merits, Evans was not entitled to habeas relief. (Report at 21). Evans has not objected to this part of the Report.

After a thorough review of the Report and the record in this case pursuant to the standards set forth above, the court finds Petitioner's objections are without merit. Accordingly, Respondent's Summary Judgment Motion (ECF No. 29) is **GRANTED**; and the Petition is **DISMISSED with prejudice**.

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that Petitioner has failed to make "a substantial showing of the denial of a constitutional right." Accordingly, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

                                              s/Timothy M. Cain
                                              United States District Judge

Anderson, South Carolina
March 6, 2015

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.